UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -2  A 11: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| Bowen Investment, Inc. and | ) | |
| Honey Dew Associates, Inc., | ) | |
| Plaintiffs | ) | |
| v. | ) | CIVIL ACTION  No. 04-10702-RWZ |
| | ) | |
| C-Nine Seven, Inc., Vincent Ciummo and | ) | |
| Sharon Ciummo, | ) | |
| Defendants | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

### (Jury Demand)

Now come the Defendants C-Nine Seven, Inc., Vincent Ciummo and Sharon Ciummo in the above action and in answer to the complaint say:

1)  Admitted as to the jurisdiction of the claims of Plaintiff Honey Dew Associates, Inc. under the Trademark Act of 1946 (the Lanham Act). Denied as to all jurisdictional allegations of Bowen Investment, Inc.

2)  Admitted.

3)  Admitted.

4)  Admitted.

5)  Admitted.

6)  Admitted.

7)  Admitted as to the ownership by HDA of several trademarks and service marks. Denied as to the allegations of "trade dress."

8)  Denied.

9)    Defendants have insufficient knowledge with which to form an answer to the allegations in paragraph 9 and call upon plaintiff to prove the same.

10)    Defendants have insufficient knowledge with which to form an answer to the allegations in paragraph 10 and call upon plaintiff to prove the same.

11)    Defendants admit that C-Nine Seven, Inc. is the tenant under a lease dated January 10, 1999 and say that the document speaks for itself and no responsive pleading is required for the remaining allegations in paragraph 11.

12)    Defendants admit that C-Nine Seven, Inc. executed the referenced Agreements with BII dated January 11, 1999.

13)    Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 13.

14)    Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 14.

15)    Denied.

16)    Denied.

17)    Defendants admit that a Notice purporting to be a "Notice of Default" was sent to C-Nine Seven, Inc. on January 5, 2004 and a "Notice of Termination" was sent on February 17, 2004 and deny all other allegations in paragraph 17.

18)    Defendants admit that Plaintiffs have attempted to discuss "reinstatement" and further answering state the plaintiffs terms of "reinstatement" were oppressive, unconscionable, and unlawful.

19)    Denied.

20)    Defendants say that they have insufficient knowledge of what date the Plaintiff refers to and cannot form an answer to the allegations in paragraph 20 and call upon plaintiff to prove the same.

### COUNT I

21)    Defendants repeat and reallege the answers set forth in paragraphs 1 through 20 of the complaint.

22)    Defendants say that the document speaks for itself and no responsive pleading is required to the allegations in paragraph 22.

23)    Defendants say that there was never a lawful termination of the franchise rights and therefore deny the allegations in paragraph 23.

24)    Admitted.

25)    Denied.

26)    Defendants say that the document speaks for itself and no responsive pleading is required to the allegations in paragraph 26.

27)    Defendants say that paragraph 27 states a conclusion of law for which no responsive pleading is required.

28)    Denied.

29)    Defendants say that paragraph 29 states a conclusion of law for which no responsive pleading is required.

30)    Denied.

31)    Defendants say that paragraph 31 states a conclusion of law for which no responsive pleading is required.

32)    Denied.

33)    Defendants say that the document speaks for itself and no responsive pleading is required to the allegations in paragraph 33.

34)    Denied.

35)    Defendants say that the document speaks for itself and no responsive pleading is required to the allegations in paragraph 35.

<u>COUNT II</u>

36)    Defendants repeat and reallege the answers set forth in paragraphs 1 through 35 of the complaint.

37)    Defendants say that the document speaks for itself and no responsive pleading is required to the allegations in paragraph 37.

38)    Defendants say that the document speaks for itself and no responsive pleading is required to the allegations in paragraph 38.

39)    Defendants say that the document speaks for itself and no responsive pleading is required to the allegations in paragraph 39.

40)    Defendants say there is no paragraph 40 in the complaint and therefore defendants cannot form an answer to paragraph 40.

41)    Defendants say there is no paragraph 41 in the complaint and therefore defendants cannot form an answer to paragraph 41.

42)    Defendants say that the document speaks for itself and no responsive pleading is required to the allegations in paragraph 42.

<u>AFFIRMATIVE DEFENSES</u>

1) FAILURE TO STATE A CLAIM

The complaint fails to state a claim upon which relief may be granted.

## 2) ILLEGALITY

The plaintiffs are barred from recovery of damages because they are based upon

contractual agreements that are illegal or were obtained by illegal means.

## 3) FRAUD

The plaintiffs are barred from recovery because the contractual agreements upon which

they base their complaint were induced by intentional misrepresentations and omissions.

## 4) FAILURE OF CONSIDERATION

The plaintiffs are barred from recovery because certain of the contractual

agreements upon which they base their complaint fail for lack of consideration.

## 5) UNJUST ENRICHMENT

The recovery sought by the plaintiffs would be an unjust enrichment.

## 6) UNCLEAN HANDS

The Plaintiffs come into court with unclean hands and should not recover.

## 7) ESTOPPEL

The Plaintiffs are barred from recovery by their own wrongful conduct.

## 8) UNCONSCIONABILITY

The plaintiffs are barred from recovery because the contractual agreements upon which

they base their complaint are unconscionable.

## 9) WAIVER

The plaintiffs have waived certain claims against these defendants.

## 10) LACHES

Plaintiffs have delayed for an unreasonable time in asserting their claims for

failed inspections and this delay has caused prejudice to the defendants.

11) INSUFFICIENCY OF PROCESS

The service of process in this matter was insufficient as it was incomplete

and missing various referenced exhibits.

12) LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over certain of the Plaintiffs claims.

WHERREFORE, the defendants pray that Plaintiffs Complaint be dismissed and the defendants awarded its costs and attorneys' fees.

DEFENDANTS DEMAND TRIAL BY JURY.

Defendants,
By their attorney,

Lawrence R. Mehl
(BBO# 566235)
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston  MA 02109
(617) 523-0777

Defendants,
by their attorney,

William E. Gens
(BBO# 556595)
1 Devonshire Place, Suite 1602
Boston  MA 02109
(617) 367-0760

## CERTIFICATE OF SERVICE

I, Lawrence R. Mehl, certify that on this date I served a true copy of the foregoing to counsel for all parties by mailing a copy to Janell E. De Ge Gennaro, counsel for the plaintiff, Jack Mikels & Associates, 1 Batterymarch Park, Suite 309, Quincy, MA  02169.

Lawrence R. Mehl

DATED:    June 2, 2004