UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bowen Investment, Inc. and )<br>Honey Dew Associates, Inc., )<br>    Plaintiffs )<br>  v. )<br>)<br>C-Nine Seven, Inc., Vincent Ciummo and )<br>Sharon Ciummo, )<br>    Defendants ) | CIVIL ACTION No. 04-10702-RWZ |

## DEFENDANTS' COUNTERCLAIMS
(Jury Demand)

1) The jurisdiction of this Court is based upon its upon the provisions of F.R.C.P. Rule 13.

2) The Defendant/Plaintiff in Counterclaim C-Nine Seven, Inc. is a Rhode Island Corporation with its principal place of business at 355 Broad Street, Cranston, Rhode Island.

3) The Defendant/Plaintiff in Counterclaim, Vincent Ciummo, is a citizen of the state of Rhode Island, residing at 1060 Oaklawn Avenue, Cranston, Rhode Island.

4) The Defendant/Plaintiff in Counterclaim, Sharon Ciummo, is a citizen of the state of Rhode Island, residing at 1060 Oaklawn Avenue, Cranston, Rhode Island.

5) The Plaintiff/Defendant in Counterclaim, Bowen Investment, Inc. ("BII"), is a Massachusetts Corporation with its principal place of business at 2 Taunton Avenue, Plainville, Massachusetts.

6) At all relevant times, BII has been engaged in the trade of subfranchising donut and coffee shops and Plaintiff in Counterclaim C-Nine Seven, Inc. has been engaged in the trade of owning and operating a donut and coffee shop.

## COUNT I
### Breach of Contract

7) Defendants/Plaintiffs in Counterclaim repeat and reallege the allegations set forth in paragraphs 1 through 4 of the counterclaims.

8) On January 11, 1999, BII entered into an Agreement with the Plaintiff in Counterclaim C-Nine Seven, Inc granting it the right to operate a donut shop in at 355 Broad Street, Cranston, Rhode Island.

9) BII breached the Agreement by purporting to terminate the Agreement upon manufactured and fictitious grounds.

10) As a direct and proximate result of the BII's breach of contract, C-Nine Seven, Inc. has suffered, and continues to suffer damages.

## COUNT II
### Breach of Warranty of Good Faith and Fair Dealing

11) Plaintiffs in Counterclaim incorporate by reference the allegations in paragraph 1 through 10 of the counterclaims.

12) BII breached the warranty of good faith and fair dealing of the Agreement by purporting to terminate the Agreement upon manufactured and fictitious grounds.

13) As a result of the BII's breach of the warranty of good faith and fair dealing, Plaintiffs in Counterclaim have suffered, and continues to suffer damages.

## COUNT III
### Violations of G.L. c. 93A
### Unfair and Deceptive Trade Practices

14) Plaintiffs in Counterclaim incorporate by reference the allegations in paragraph 1 through 13 of the counterclaims.

15) At all relevant times alleged in this complaint BII was involved in trade or commerce.

16) BII never provided adequate disclosure or offering circulars to any of the Plaintiffs in Counterclaim in accordance with regulations promulgated by the Federal Trade Commission.

17) BII's breach of the Agreement with C-Nine Seven, Inc. upon manufactured and fictitious grounds was done with the intent to coerce C-Nine Seven, Inc. to enter into a revised Agreement upon terms more favorable to BII.

18) The actions and omissions BII constitute unfair and deceptive trade practices under common law and pursuant to Massachusetts General Laws Chapter 93A.

19) As a direct and proximate result of BII's violations of G.L. c. 93A, Plaintiffs in Counterclaim have been injured and suffered damages.

### Request for Relief

WHEREFORE, Plaintiffs in Counterclaim requests that this court grant the following relief:

1) Award damages in an amount to be determined at trial to compensate C-Nine Seven, Inc. for damages resulting from BII's breaches of contract;

2) Award damages in an amount to be determined at trial to compensate Plaintiffs in Counterclaim for damages resulting from BII's breaches of the warranty of good faith and fair dealing;

3) Award damages in and amount to be determined at trial to compensate Plaintiffs in Counterclaim for damages resulting from BII's violations of G.L. c. 93A;

4) Award the Plaintiffs in Counterclaim treble damages pursuant to G.L. c. 93A;

5) Award the Plaintiffs in Counterclaim their interest and costs, including reasonable attorneys fees incurred in maintaining this action; and

6) Order such other and further relief as the court deems just and proper.

PLAINTIFFS IN COUNTERCLAIM DEMAND TRIAL BY JURY

Defendants,
By their attorney,

*[signature]*

Lawrence R. Mehl
(BBO# 566235)
JOHN N. LEWIS & ASSOCIATES
21 Merchant's Row, 5th Floor
Boston MA 02109
(617) 523-0777

Defendants,
By their attorney,

*[signature]*

William E. Gens
(BBO# 556595)
1 Devonshire Place, Suite 1602
Boston MA 02109
(617) 367-0760

## CERTIFICATE OF SERVICE

I, Lawrence R. Mehl, certify that on this date I served a true copy of the foregoing to counsel for all parties by mailing a copy to Janell E. De Gennaro, counsel for the plaintiff, Jack Mikels and Associates, 1 Batterymarch Park, Suite 309, Quincy, MA 02169.

*[signature]*
Lawrence R. Mehl

DATED:    June 2, 2004