SCANNED
DATE: 06/17/04
BY: SKY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 16  A 11: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

C. A. NO. 04-10702-RWZ

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.
            Plaintiffs,
v.

C-NINE SEVEN, INC., VINCENZO
CIUMMO AND SHARON CIUMMO,
            Defendants.

**PLAINTIFFS' RESPONSE TO NOTICE OF PRIOR ACTION PENDING IN THIS COURT AND OPPOSITION TO MOTION TO REASSIGN AND TRANSFER**

Now comes the Plaintiffs, Bowen Investment, Inc. ("BII") and Honey Dew Associates, Inc. ("HDA") (collectively, the "Plaintiffs"), and hereby respectfully requests that this Court deny the Defendants' Motion to Reassign and Transfer (the "Notice/Motion"). Defendants incorrectly assets that a prior action was pending between these parties at the time the Plaintiffs filed their Complaint against C-Nine Seven, Inc. ("C-Nine Seven"), Vincenzo Ciummo and Sharon Ciummo (collectively, the "Defendants"). In fact, *after* this action was filed, defendant C-Nine-Seven was added as a party plaintiff to an existing putative class action case, pending in this court as <u>B&M Donuts, Inc. et al v. Honey Dew Associates, Inc., et al</u>, C.A. No. 03-10965-RCL (the "Class Action"). Defendants incorrectly assert that issues in this case overlap issues in the Class Action Litigation. Again, after the filing of this action, the Defendants self-created issues in the Class Action that could potentially overlap between this case (the "Instant Action") and the Class Action. Transfer of the Instant Action to Judge Lindsay is unwarranted. In support of this Response/Opposition, the Plaintiffs say as follows:

**I – There was no Prior Pending Action when this Case was Filed**



The Plaintiffs did not fail to disclose the existence of a prior action between the parties in violation of L.R. 40.1(E)(2) because there was no prior pending action at the time the Instant Action was filed. The Defendants are obviously confused as to the chronology of events as they unfolded in the Instant Action and in the Class Action: The Plaintiffs filed the Instant Action on April 6, 2004 (See Party Docket, attached hereto as Exhibit "A"), and C-Nine Seven, Inc. ("C-Nine Seven") joined the Class Action on April 16, 2004 (See Party Docket, attached hereto as Exhibit "B"). The Plaintiffs cannot be expected to file a notice of a prior pending action when none existed at the time of filing the Complaint against the Defendants.

## II. The "Overlapping Issues" Alleged by Defendants were added to the Class Action after this Action was Filed

After the Instant Action was filed and the Defendants had joined the Class Action, the Defendants approached the Plaintiffs regarding the possibility of reinstatement as a Honey Dew franchisee. The proposed Reinstatement Agreement included a general release of all claims. C-Nine Seven in the Class Action subsequently filed a Motion For Declaratory Judgment and For Injunctive Relief And Request for Oral Argument (See motion attached hereto as Exhibit "C") (the "Motion"), asking the court in the Class Action case to enjoin BII from requesting a general release in its negotiations. The Class Action case had no such issue prior to the filing of the Motion, which was subsequent to the filing of the Instant Action. In fact, the validity of the requested release is irrelevant, because it was never signed and is, therefore, not an issue in this case.

## III – Opposition to Motion to Reassign and Transfer (L.R. 40.1(E))

There is no justifiable reason to transfer the Instant Action to Judge Lindsay, who is the presiding judge over the Class Action because although these cases do involve some of the same parties, these cases are not related in fact or law. They do not involve

2

substantially the same questions of fact or law: The Instant Action is a trademark infringement claim whereby the Plaintiff is requesting an injunction and damages; The Class Action involves antitrust claims and breach of contract related to BII and HDA's activities with regard to an Advertising Fund, whereby C-Nine Seven are class members. There are no overlapping issues of fact or law by which it is necessary for the same judge to preside over both actions, unless created by C-Nine Seven in each action. Resolution of C-Nine Seven's Motion for Declaratory Judgment and For Injunctive Relief in the Class Action does not resolve any of the Plaintiffs' claims in the Instant Action. In fact, even the Defendants' counterclaims in the Instant Action do not indicate on their face that they involve any of the same issues as those raised in the Class Action.

If, arguably there are issues of law or fact that are substantially similar, those issues have been self-created by the Defendants, and therefore, do not warrant transfer of the Instant Action to Judge Lindsay.

WHEREFORE, for the foregoing reasons, the Plaintiffs respectfully request that the Defendants' Motion To Reassign and Transfer be denied.

Respectfully submitted,

BOWEN INVESTMENT, INC.,
HONEY DEW ASSOCIATES, INC.,
By its Attorneys,

Date: June 15, 2004

*Janell E. DeGennaro*
Jack J. Mikels, BBO# 345560
Michael A. Wirtz, BBO# 636587
Janell E. De Gennaro, BBO #656306
JACK MIKELS & ASSOCIATES
1 Batterymarch Park, Suite 309
Quincy, MA 02169
Tel: 617.472.5600

F:aa-mik\BII\Lit\C-nine\Opp-Transfer

1:04-cv-10702-RWZ Bowen Investment, Inc. et al v. C-Nine Seven, Inc. et al
Rya W. Zobel, presiding
Date filed: 04/07/2004 Date of last filing: 06/02/2004

# Parties

**Bowen Investment, Inc.**
*Added: 04/07/2004*
*(Counter Defendant)*


**Bowen Investment, Inc.**
*Added: 04/07/2004*
*(Plaintiff)*

represented by

**Jack J. Mikels**
Jack Mickels & Associates
One Batterymarch Park
Suite 309
Quincy, MA 02169
617-472-5600
617-472-5875 (fax)
jmikels@gis.net
*Assigned: 04/07/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Wirtz**
Jack Mikels & Associates
1 Batterymarch Park
Suite 309
Quincy, MA 02269
617-472-5600
617-472-5875 (fax)
*Assigned: 04/07/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C-Nine Seven, Inc.**
*Added: 04/07/2004*
*(Counter Claimant)*


**C-Nine Seven, Inc.**
*Added: 04/07/2004*
*(Defendant)*

represented by

**William E. Gens**
One Devonshire Place
Suite 1602
Boston, MA 02109
617-367-0760
*Assigned: 06/03/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                            **Lawrence R. Mehl**
                                            John N. Lewis & Associates
                                            21 Merchants Row
                                            5th Floor
                                            Boston, MA 02109
                                            617-523-0777
                                            617-523-1755 (fax)
                                            l.mehl@comcast.net
                                            *Assigned: 06/03/2004*
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Sharon Ciummo**
*Added: 04/07/2004*
*(Counter Claimant)*

**Sharon Ciummo**                                   **William E. Gens**
*Added: 04/07/2004*                              One Devonshire Place
*(Defendant)*                                          Suite 1602
                                represented by      Boston, MA 02109
                                                617-367-0760
                                              *Assigned: 06/03/2004*
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Lawrence R. Mehl**
                                            John N. Lewis & Associates
                                            21 Merchants Row
                                            5th Floor
                                            Boston, MA 02109
                                            617-523-0777
                                            617-523-1755 (fax)
                                            l.mehl@comcast.net
                                            *Assigned: 06/03/2004*
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Vicenzo Ciummo**
*Added: 04/07/2004*
*(Counter Claimant)*

**Vicenzo Ciummo**                                 **William E. Gens**
*Added: 04/07/2004*                              One Devonshire Place
*(Defendant)*                               represented by      Suite 1602
                                                Boston, MA 02109

**1:03-cv-10965-RCL** B & M Donuts, Inc. et al v. Honey Dew Associates,
Reginald C. Lindsay, presiding
Date filed: 05/22/2003 **Date of last filing:** 06/02/2004

# Parties

| | | |
|---|---|---|
| **American Strong Safety Foods Corp.**<br>*Added: 05/22/2003*<br>*TERMINATED: 09/26/2003*<br>*(Plaintiff)* | represented by | **Jeffrey D. Woolf**<br>Jeffrey D. Woolf, Esq., P.C.<br>21 Merchants Row<br>5th Floor<br>Boston, MA 02109-2005<br>617-973-9022<br>617-523-1755 (fax)<br>jdwoolf@yahoo.com<br>*Assigned: 05/22/2003*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **B & M Donuts, Inc.**<br>*Added: 05/22/2003*<br>*(Counter Defendant)* | | |
| **B & M Donuts, Inc.**<br>*Added: 05/22/2003*<br>*(Plaintiff)* | represented by | **Jeffrey D. Woolf**<br>Jeffrey D. Woolf, Esq., P.C.<br>21 Merchants Row<br>5th Floor<br>Boston, MA 02109-2005<br>617-973-9022<br>617-523-1755 (fax)<br>jdwoolf@yahoo.com<br>*Assigned: 05/22/2003*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **BRI, INC.,**<br>*Added: 04/16/2004*<br>*(Defendant)* | represented by | **Joanne D'Alcomo**<br>Jager Smith P.C.<br>1 Financial Center<br>Boston, MA 02111<br>617-951-0500<br>617-951-2414 (fax)<br>jdalcomo@jagersmith.com<br>*Assigned: 05/28/2004*<br>*ATTORNEY TO BE NOTICED* |
| **Bowen Investment, Inc.** | | **Joanne D'Alcomo** |

|  |  |  |
|---|---|---|
| *Added: 04/16/2004*<br>*(Defendant)* | represented by | Jager Smith P.C.<br>1 Financial Center<br>Boston, MA 02111<br>617-951-0500<br>617-951-2414 (fax)<br>jdalcomo@jagersmith.com<br>*Assigned: 05/28/2004*<br>*ATTORNEY TO BE NOTICED* |
| **Anna Brookes**<br>*Added: 06/30/2003*<br>*(ThirdParty Defendant)* | | |
| **Eric Brookes**<br>*Added: 06/30/2003*<br>*(ThirdParty Defendant)* | | |
| **C-Nine Seven, Inc.**<br>355 Broad Street<br>Central Falls, RI<br>*Added: 04/16/2004*<br>*(Plaintiff)* | represented by | **Jeffrey D. Woolf**<br>Jeffrey D. Woolf, Esq., P.C.<br>21 Merchants Row<br>5th Floor<br>Boston, MA 02109-2005<br>617-973-9022<br>617-523-1755 (fax)<br>jdwoolf@yahoo.com<br>*Assigned: 04/26/2004*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **E & M Donuts, Inc.**<br>*Added: 05/22/2003*<br>*(Plaintiff)* | represented by | **Jeffrey D. Woolf**<br>Jeffrey D. Woolf, Esq., P.C.<br>21 Merchants Row<br>5th Floor<br>Boston, MA 02109-2005<br>617-973-9022<br>617-523-1755 (fax)<br>jdwoolf@yahoo.com<br>*Assigned: 05/22/2003*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Honey Dew Associates, Inc.**<br>*Added: 05/22/2003*<br>*(ThirdParty Plaintiff)* | | |

|  |  |
|---|---|
|  | 617-367-0760<br>*Assigned: 06/03/2004*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Lawrence R. Mehl**<br>John N. Lewis & Associates<br>21 Merchants Row<br>5th Floor<br>Boston, MA 02109<br>617-523-0777<br>617-523-1755 (fax)<br>l.mehl@comcast.net<br>*Assigned: 06/03/2004*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Honey Dew Associates, Inc.**<br><br>*Added: 04/07/2004*<br>*(Plaintiff)*<br><br>represented by | **Jack J. Mikels**<br>Jack Mickels & Associates<br>One Batterymarch Park<br>Suite 309<br>Quincy, MA 02169<br>617-472-5600<br>617-472-5875 (fax)<br>jmikels@gis.net<br>*Assigned: 04/07/2004*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Michael A. Wirtz**<br>Jack Mikels & Associates<br>1 Batterymarch Park<br>Suite 309<br>Quincy, MA 02269<br>617-472-5600<br>617-472-5875 (fax)<br>*Assigned: 04/07/2004*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| PACER Service Center |||
|---|---|---|
| Transaction Receipt |||
| 06/11/2004 08:44:10 |||
| **PACER Login:** | jm0023 | **Client Code:** |
| **Description:** | Party List | **Case Number:** | 1:04-cv-10702-RWZ |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

B&M DONUTS, INC., NESHER, INC., )
E&M DONUTS, INC., C-NINE SEVEN, )
INC. and R.T.T.S., INC., Individually and )
on Behalf of all Others Similarly Situated, )
    Plaintiffs )
   )
v. )   CIVIL ACTION NO. 03-10965 RCL
   )
HONEY DEW ASSOCIATES, INC., )
BRI, INC. and BOWEN INVESTMENT, )
INC., )
    Defendants )

## PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT AND FOR INJUNCTIVE RELIEF AND REQUEST FOR ORAL ARGUMENT

Now come the plaintiffs and respectfully move for a declaration from this Honorable Court:

1. That the defendants cannot require any of the plaintiffs-franchisees to dismiss the present litigation or withdraw from the class action (or otherwise forego their rights in connection with this litigation) as such conduct is unfair, oppressive and unconscionable;

2. That the defendants cannot require their franchisees to release any of the defendants or their officers, directors, agents, servants, employees, as a precondition to any sale, transfer, reinstatement or curing of any alleged defaults of their franchises, as such conduct is unfair, oppressive and unconscionable;

3. That the defendants are engaging in oppressive and unconscionable conduct under G.L. c. 93A and the regulations (940 C.M.R. § 3.16, et seq.) by requiring or

attempting to require the plaintiffs to grant a general release to some or all of the defendants in connection with a sale, transfer or reinstatement of their franchises without any additional consideration, which releases are therefore void and unenforceable, even if executed.

In addition, pursuant to Rule 65(a), Fed.R.Civ.P., the plaintiffs respectfully move for an Order of the Court, enjoining and restraining the defendants, jointly and severally, and their officers, directors, employees, agents, servants, and attorneys, as follows:

1. From requiring or attempting to require that the plaintiffs dismiss the present litigation or withdraw from the class action (or otherwise forego their rights in connection with this litigation) as a condition for reinstatement of a franchise or for approval of the sale or transfer of a franchise.

2. From requiring or attempting to require that a terminated franchisee release any or all of the defendants as a precondition for reinstatement as a franchisee.

3. From requiring or attempting to require that a terminated franchisee dismiss the present litigation, withdraw from it as a named plaintiff, or forego any of its rights hereunder (including but not limited to requiring that the franchisee "opt out" in the event of class certification) as a precondition for reinstatement as a franchisee.

4. From requiring or attempting to require that a franchisee release any or all of the defendants as a precondition for selling or transferring its franchisee, or for obtaining the consent or approval of any of the defendants to sell or transfer the franchise.

5. From requiring or attempting to require that a franchisee dismiss the present litigation, withdraw from it as a named plaintiff, or forego any of its rights

hereunder (including but not limited to requiring that the franchisee "opt out" in the event of class certification) as a precondition for selling or transferring its franchisee, or for obtaining the consent or approval of any of the defendants to sell or transfer the franchise.

6. For such other relief as the Court deems just;

7. For the award of costs, including attorneys' fees.

In support of their motion for a preliminary injunction, the plaintiffs state that (1) that plaintiffs will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendants; (3) that plaintiffs have exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. *Planned Parenthood League of Massachusetts v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir. 1981), citing *Women's Community Health Ctr., Inc. v. Cohen,* 477 F.Supp. 542, 544 (D.Me.1979).

Because the allowance of this injunction will not cause any monetary harm to any of the defendants, the plaintiffs move, pursuant to Rule 65(c), for an order that they are not required to post any bond or other security in connection with this injunction.

In further support of their motion, the plaintiffs submit herewith a supporting memorandum and the affidavit of Lawrence R. Mehl.

WHEREFORE, the plaintiffs respectfully move for declaratory judgment and for the issuance of a preliminary injunction.

Respectfully submitted,

The plaintiffs,
By their attorney,

*/s/ Jeffrey D. Woolf*

Jeffrey D. Woolf
BBO # 534360
JEFFREY D. WOOLF, ESQ., P.C.
21 Merchants Row, 5th Floor
Boston, MA 02109-2005
(617) 973-9022

## RULE 7.1 CERTIFICATION

I, Jeffrey D, Woolf, counsel for the plaintiffs, do hereby certify pursuant to L.R. 7.1 that, prior to filing of this Motion, I conferred with Jack J. Mikels, Esq., and Joanne D'Alcomo, Esq., counsel for the defendants, in an effort to resolve or narrow the issues raised by this Motion.

*/s/ Jeffrey D. Woolf*

Jeffrey D. Woolf

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(D), the plaintiffs respectfully request oral argument on their motion. The plaintiffs believe that oral argument will be of assistance to the Court.

## CERTIFICATE OF SERVICE

I, Jeffrey D. Woolf, counsel for the plaintiffs, hereby certify that on this date, I served the foregoing on all other parties by mailing copies thereof, postage prepaid, to counsel for all other parties, Jack J. Mikels, Esq., Jack Mikels & Associates, 1 Batterymarch Park, Suite 309, Quincy, MA 02169-7454, Joanne D'Alcomo, Esq., Jager Smith P.C., One Financial Center, Boston, MA 02111 and William E. Gens, Esq., 1 Devonshire Place, Suite 1602, Boston, MA 02109-3500.

Date: June 1, 2004

*/s/ Jeffrey D. Woolf*

Jeffrey D. Woolf