UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 22 P 12: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

BOWEN INVESTMENT, INC. and )
HONEY DEW ASSOCIATES, INC., )
   Plaintiffs )
)
v. )
) C.A. No. 04-10702-RWZ
)
C-NINE SEVEN, INC., VICENZO )
CIUMMO and SHARON CIUMMO, )
   Defendants )
)

## DEFENDANTS MOTION FOR LEAVE TO FILE THEIR REPLY TO PLAINTIFFS' RESPONSE TO NOTICE OF PRIOR ACTION PENDING IN THIS COURT AND OPPOSITION TO MOTION TO REASSIGN AND TRANSFER

Now come the defendants and respectfully move for leave to file their Reply to Plaintiffs' Response to Notice of Prior Action Pending in This Court and Opposition to Motion to Reassign and Transfer. L.R. 40.1(E) clearly states in pertinent part, "a civil case is related to one previously filed in this court if **some or all** of the **parties** are the same and if **one** or more of the following similarities exist also: the cases involve the same or **similar claims or defenses**..." (bold face added for emphasis).

In support of their motion, defendants state, as set forth below, that the plaintiffs have intentionally misled this Honorable Court by "reweaving" the facts to support their conclusion. The uncontroverted facts are as follows:

**1.** On March 11, 2004, a scheduling conference was held in the chambers of Judge Reginald Lindsay (along with his Clerk), with Attorneys Jack J. Mikels and Janell E. De Gennaro present for the defendants in the Class Action case (who also are the plaintiffs in the Instant Litigation) and Jeffrey D. Woolf, Class Action

1

counsel for the Plaintiffs and Lawrence R. Mehl.[1] In a discussion about the Class Action parties, Attorney Woolf advised that he would be adding Bowen Investments, Inc. and BRI, Inc. as additional defendants and Rhode Island franchisees as additional plaintiffs. Judge Lindsay gave the plaintiff 21 days to file an Amended Complaint that the Court indicated it "preferred" to be "assented to". Also during this meeting, Judge Lindsay made a ruling on a pending motion in the Youshaei Litigation after hearing arguments from Attorneys Mikels and Mehl.

2. On March 30, 2004, Attorney Woolf served upon Attorney Mikels a revised version of the Second Amended Complaint in the Class Action and requested his assent to the Motion, as mandated by Judge Lindsay. (See Exhibit A attached transmittal letter dated March 30, 2004 from Attorney Woolf to Attorney Mikels.) In said Second Amended Complaint, C-Nine Seven, Inc. was a newly named Class Action Plaintiff.

3. After Attorney Mikels failed to assent (on behalf of Bowen Investments, Inc. and BRI, Inc.) to the requested Motion to file the Second Amended Complaint, Attorney Woolf wrote a letter on March 31, 2004 (See attached Exhibit B) to Attorney Mikels and, among other things, mentioned the draft complaint sent previously, which draft also listed C-Nine Seven, Inc. as a new Class Action Plaintiff.

4. Also on March 31, 2004, in order to avoid running afoul of Judge Lindsay's Scheduling Order, Attorney Woolf filed a "Motion to Extend the Time to File the Amended Complaint Because Defense Counsel will Not assent to the Motion on Behalf of All Defendants", a copy of which is attached hereto as Exhibit C.

---

[1] Counsel for Joseph Youshaei, a Class Action Plaintiff and a defendant in a related case with the primary plaintiff Honey Dew Associates (#03-CV-10579-RCL, hereafter referred to as the "Youshaei Litigation") which until several days ago also was pending before Judge Lindsay as a related case.

2

5. After Attorney Mikels refused to act as counsel for the two newly named defendants (both members of the Honey Dew Associates family of companies owned directly or indirectly by Richard Bowen, and Attorney Mikels serves as a corporate officer of all defendant companies) in the Class Action litigation, Attorney Mikels sent a letter (See attached Exhibit D) to Attorney Woolf after the close of business on April 2, 2004 advising of newly retained counsel for the two additional defendants.

6. Upon receipt of Attorney Mikels letter on Monday, April 5, 2004, Attorney Woolf filed a Motion for Leave to File the Second Amended Complaint which was served on April 5, 2004, a copy of which is attached as Exhibit E.

7. On April 7, 2004, the Complaint against C-Nine Seven, Inc. was filed by Attorney De Gennaro on behalf of Bowen Investment Inc. and Honey Dew Associates.

8. For reasons which the Plaintiffs do not explain, the C-Nine Seven defendants were not served until five weeks later on May 12, 2004.

It is regrettable that the same Attorneys Mikels and De Gennaro have misled this Court by stating:

(i) that "Defendants incorrectly assets (sic, asserts) that a prior action was pending between these parties at the time the Plaintiffs filed their Complaint against C Nine Seven, Inc." However, as clearly set forth above, Attorney Mikels knew full well that C Nine Seven was a named party plaintiff in the Class Action <u>before</u> he filed Honey Dew's Complaint against C-Nine Seven on April 7, 2004.

(ii) that "The Plaintiffs filed the Instant Action on April 6, 2004 (See Party Docket, attached hereto as Exhibit A)". Such Exhibit A clearly states the filing date was April 7, 2004, <u>NOT</u> April 6; i.e. <u>after</u> the Service of the Second Amended Complaint, in which C-Nine Seven is a Plaintiff..

3

(iii) or failing to advise this Court that at the time they filed the Complaint, April 7, 2004, the Youshaei Litigation was pending. The Youshaei Litigation involved trademark infringement claims, and Plaintiff requested an injunction and damages. Judge Lindsay rejected the injunction.

(iv) "those issues have been self-created by the Defendants", when in fact, the issues and allegations in the Instant Action and the Youshaei Litigation were clearly made by the Plaintiffs by and through Attorneys Mikels and De Gennaro.

Attorneys Mikels and De Gennaro's argument that "those issues have been self-created by the Defendants is at best a specious. Issues of fact or of law are not created.

WHEREFORE, Defendants respectfully request that this Court transfer this matter to the Honorable Reginald C. Lindsay and order such other and further relief as the court deems just and proper.

### RULE 7.1 CERTIFICATION

I, Lawrence R. Mehl, co-counsel for the defendants, do hereby certify pursuant to L.R. 7.1 that prior to filing of this Motion, I conferred on June 18, 2004 with Janell E. De Gennaro, counsel for the Plaintiffs in an effort to resolve or narrow the issues raised by this Motion.

_____
Lawrence R. Mehl

Respectfully Submitted
The Defendants,
By their attorney

_____
Lawrence R. Mehl
(BBO # 566235)
JOHN N. Lewis & Associates
21 Merchants Row, 5th Floor
Boston, MA 02109
(617) 523-0777

The Defendants
By Their attorney

_____
William E. Gens
(BBO # 556595)
1 Devonshire Place, Suite 1602
Boston, MA 02109
(617) 367-0760

4

5

## CERTIFICATE OF SERVICE

I, Lawrence R. Mehl, co-counsel for the defendants, hereby certify that on this date, I served the foregoing on all other parties by mailing a copy, postage prepaid to Janell E. De Gennaro, Esq., Jack Mikels & Associates, 1 Batterymarch Park, Suite 309, Quincy, MA 02169.

June 21, 2004

_____
Lawrence R. Mehl

5