UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 04-10702-RWZ

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.
  Plaintiffs,

v.

C-NINE SEVEN, INC., VINCENZO
CIUMMO AND SHARON CIUMMO,
  Defendants.

**AUTOMATIC REQUIRED DISCLOSURES OF PLAINTIFFS, BOWEN INVESTMENT, INC. AND HONEY DEW ASSOCIATES, INC.**

---

The Plaintiffs, Bowen Investment, Inc. ("BII") and Honey Dew Associates, Inc. ("HDA", collectively, the "Plaintiffs") hereby makes the following initial disclosures pursuant to Fed.R.Civ.P. 26.

**A.    Disclosures pursuant to Rule 26(a)(1)(A).**

The following persons are likely to have relevant discoverable information regarding the claims of HDA:

1)    Richard J. Bowen, President, Honey Dew Associates, Inc., 2 Taunton Street, Plainville, MA.  Mr. Bowen would have information concerning HDA's registered trademarks.

2)    Robert P. Bowen, President, Bowen Investment, Inc., 1215 Reservoir Avenue, Cranston, RI.  Mr. Bowen would have information concerning communications with defendants, C-Nine Seven, Inc., Vincenzo Ciummo and Sharon Ciummo (the "Defendants") the default letters, the termination letters, the

1

cease and desist letters and other correspondence sent on behalf of HDA to Defendants, and the contracts entered into between the parties.

2) Frank Wrightington, independent contractor, 3 Daniel Drive, North Easton, MA, would have information concerning recent inspections of the Honey Dew Donuts store operated by the Defendants at 355 Broad Street, Central Falls, Rhode Island (the "Premises").

It is further anticipated that one or more of the following persons, related to the defendants, would have information related to this action:

(1) Vincenzo Ciummo, 1060 Oaklawn Avenue, Cranston, Rhode Island, would have knowledge of communications with the Plaintiffs and inspections of the Premises.

(2) Sharon Ciummo, 1060 Oaklawn Avenue, Cranston, Rhode Island, would have knowledge of communications with the Plaintiffs and inspections of the Premises.

(3) Patricia Almeida, employee of Defendants, would have knowledge of recent inspections of the Premises.

(4) Karen Adrade, employee of Defendants, would have knowledge of recent inspections of the Premises.

**B.   Disclosures pursuant to Rule 26(a)(1)(B).**

The following documents are in the possession, custody or control of Plaintiff and are documents and/or data compilations related to this action:

1. Franchise Agreement between Bowen Investment, Inc. and C-Nine Seven, Inc., dated January 11, 1999;

    2.    Agreement Regarding Transfer of Honey Dew Donuts Franchise and Addendum to Franchise Agreement;

    3.    Agreement Regarding Lease;

    4.    Lease for 355 Broad Street, Central Falls, RI, dated January 1999;

    5.    Liability Agreement of Vincenzo Ciummo and Sharon Ciummo;

    6.    Notices of Default;

    7.    Notices of Termination;

    8.    Customer Satisfaction Standards Evaluations;

    9.    Correspondence to and from defendants Sharon Ciummo and Vincenzo Ciummo;

    10.    Shop Reviews of the Premises.

**C.**    **Damage Computation pursuant to Rule 26(a)(1)(C)**

Count I seeks a preliminary injunction for unlawful use of the Plaintiff HDA's trademarks after termination of their right to do so. Damages could include damages for the period of willful trademark infringement, including Defendants' sales and profits, an amount which can only be calculated from information within the possession of the Defendants. The Plaintiffs also seek punitive damages and counsel fees and costs of this action.

Count II seeks post-termination damages in the amount of lost payments sustained by BII from cessation of payments through the intended expiration date of the Agreement. The Franchise Agreement was terminated on February 17, 2004, but was supposed to expire on March 5, 2006. Future sales are projected based on the average weekly sales for the 26 highest sales week weeks of the

proceeding year ($4,769.35). Damages due, based on a 7% royalty and 2% advertising fee would be $45,928.84 ($429.24 x 107 weeks).

These amount would be adjusted for any post termination weeks the stores continued in operation, for which period, pursuant to the Master Franchise Agreement, 14% of gross sales are required to be paid for Royalties and Advertising Fees.

**D.** **Disclosure requirements pursuant to Rule 26(a)(1)(D) are not applicable.**

                                  Respectfully submitted,

                                  Plaintiffs,
                                  Bowen Investment, Inc.
                                  Honey Dew Associates, Inc.
                                  By their Attorneys,

Dated: May 6, 2005               /s/ Janell E. DeGennaro
                                  Jack J. Mikels - BBO# 345560
                                  Michael A. Wirtz BBO# 636587
                                  Janell E. De Gennaro, BBO #656306
                                  JACK MIKELS & ASSOCIATES, LLP
                                  1 Batterymarch Park, Suite 309
                                  Quincy, MA 02169-7454
                                  Tel: 617.472.5600

## **CERTIFICATE OF SERVICE**

I, Janell E. De Gennaro, hereby certify that on May __, 2005, a copy of the within document was served via first class mail, postage prepaid, upon counsel for Defendants, Lawrence R. Mehl, Esq., 21 Merchants Row, 5th floor, Boston, MA 02109-2005 and William Gens, Esq., 1 Devonshire Place, Boston, MA 02109.

*Janell E. DeGennaro*
Janell E. De Gennaro

f,amik.E II/lit/C97/AutoDiscl