UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOWEN INVESTMENT, INC. and  )
HONEY DEW ASSOCIATES, INC., )
    Plaintiffs )
 )
v. ) CIVIL ACTION
 ) NO. 04-10702 -RWZ
C-NINE SEVEN, INC., VICENZO )
CIUMMO and SHARON CIUMMO, )
    Defendants )

**DEFENDANTS'S MOTION TO COMPEL
PLAINTIFFS TO PRODUCE DOCUMENTS**

Plaintiffs Bowen Investment, Inc. (BII) and Honey Dew Associates, Inc. (HDA) filed a Verified Complaint for trademark infringement and post termination damages against the corporate defendant and its shareholders as guarantors. The Verified Complaint asserted counts on behalf of both Plaintiffs on the basis of allegations in the pleadings claiming a subfranchise agreement between them. The Defendants filed a counterclaim for plaintiffs' breach of the franchise agreement for wrongful termination, breach of warranty of good faith and fair dealing, failure to provide adequate disclosure of offering circulars in accordance with the regulations of the Federal Trade Commission, and violations of M.G.L. c. 93A.

In Paragraph 9 of the Verified Complaint, the Plaintiffs allege: "At all relevant times hereto, **BII and HDA have agreed that BII may act as a subfranchisor** for the purpose of franchising certain Honey Dew Donuts7 Shops in Rhode Island." In Paragraph 1 of the Affidavit of Robert P. Bowen filed in support of the Plaintiff's Verified Complaint, he states: "I am the President and sole shareholder of Bowen Investment, Inc., a Massachusetts corporation, which, at all relevant times has **had an**

**agreement with Honey Dew Associates, Inc.** ("HDA") to act as a subsidiary of HDA for the purpose of franchising certain Honey Dew Donuts Shops in Rhode Island. (Emphasis added).

Defendant C-Nine Seven, Inc. submitted Requests for Production of Documents to the Plaintiffs. Request No. 7. to BII and Request No. 9 to HDA) specified:

> [A]ll agreements between HDA and BII whereby BII may act as a "subfranchisor for the purpose of franchising certain Honey Dew Donuts Shops in Rhode Island."

Both of the Plaintiffs refused to produce the documents for the same uninformative stereotypical reason that :

> Objection. This request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence in this case.

In addition, when counsel for the Defendants called the Plaintiffs' counsel, Janell E. De Gennaro, Esq. for an Local Rule. 7.1, conference, she refused to turn over the documents based upon her unilateral determination that they were not relevant.

The Plaintiffs respective Presidents and sole stockholders made allegations both in their Verified Complaint and in Sworn Affidavits filed with this Honorable Court as to the existence of a subfranchise agreement, which forms the basis for their claim that BII had the right to license the trademark, yet refuse to produce the relevant documents in support of such allegations. The defendants have a right to see the documents defining the relationship between HDA and BII, as well as what right, if any, BII has to prosecute this action.

WHEREFORE, Defendants C-Nine Seven, Inc. and Vincenzo Ciummo prays this Honorable Court to:

1. Order both Plaintiffs to produce a true, correct and complete copy of the relevant documents responsive to the document requests immediately; and

2. Pay Defendant C-Nine Seven, Inc.s reasonable attorney fees in the amount of $675.00, pursuant to Fed.R.Civ.P. 37(2)(A).

Respectfully Submitted

The Defendants,
By their attorney
/s/
Lawrence R. Mehl
(BBO # 566235)
JOHN N. Lewis & Associates
21 Merchants Row, 5th Floor
Boston, MA 02109
(617) 523-0777

The Defendants
By Their attorney
/s/
William E. Gens
(BBO # 556595)
1 Devonshire Place, Suite 1602
Boston, MA 02109
(617) 367-0760

## CERTIFICATE OF SERVICE

I, Lawrence R. Mehl, co-counsel for the defendants, hereby certify that on this date, I served the foregoing on all other parties by mailing a copy, postage prepaid to Janell E. De Gennaro, Esq., Jack Mikels & Associates, 1 Batterymarch Park, Suite 309, Quincy, MA 02169.

August 16, 2005

/s/
Lawrence R. Mehl

## LOCAL RULE 7.1 and Fed.R.Civ.P. 37(2(A)CERTIFICATION

I, Lawrence R. Mehl, co-counsel for the defendants, do hereby certify pursuant to Local Rule 7.1 that prior to filing of this Motion, I conferred on August 11, 2005 with Janell E. De Gennaro, counsel for the Plaintiffs in an effort to resolve or narrow the issues raised by this Motion and that, pursuant to Fed.R.Civ.P 37(2)(A) I conferred in good faith with counsel for the Plaintiffs in an effort to secure the documents without court action.

/s/
Lawrence R. Mehl