UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 04-10702-RWZ

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.
            Plaintiffs,

v.

C-NINE SEVEN, INC., VINCENZO
CIUMMO AND SHARON CIUMMO,
            Defendants.

**OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
PLAINTIFFS TO PRODUCE DOCUMENTS**

The Defendants' motion to compel Plaintiffs to produce the subfranchise agreements between Honey Dew Associates, Inc. ("HDA") and Bowen Investment, Inc. ("BII") should be denied because agreements between the Plaintiffs are wholly irrelevant to the claims and counterclaims in this case. Rather, the Defendants' are attempting to use discovery methods in this case to improperly obtain information in connection with an unrelated class action pending before Judge Tauro to which the defendant, C-Nine Seven, Inc. is a party.[1] In further support of this opposition, BII and HDA (collectively the "Plaintiffs") state the following:

**I.**     **Background**

This is a trademark infringement action seeking injunctive relief and post-termination royalties and advertising fees against C-Nine Seven, Inc. ("C97") a

---

[1] The unrelated case is B & M Donuts, Inc. v. Honey Dew Associates, Inc., U.S. Dist. Ct. Civil Action No. 2003-10965 JLT. The defendants counsel Lawrence Mehl had recently been counsel in Judge Tauro's case and shares office space with existing counsel of record in that case. Attorney William Gens is still counsel in both cases. Discovery in Judge Tauro's action is closed.

former franchisee of a Honey Dew Donuts® shop located in Rhode Island.[2]  The Defendants Vincenzo Ciummo and Sharon Ciummo ((the "Ciummos") are the guarantors of the corporate obligations of C-97 to the Plaintiffs.

The Defendants brought a counterclaim against BII only, alleging breach of contract, breach of warranty of good faith and fair dealing, and violations of 93A.  All of the parties claims and counterclaims in this case are limited to the agreements between the Plaintiffs and the Defendants, <u>not the subfranchise agreements between the Plaintiffs</u>.  The Defendants make no claim or affirmative defense contesting the validity of the subfranchise agreements between BII and HDA nor do the Defendants otherwise put into question the status of BII as a franchisor of HDA.

In this discovery dispute over document Request No. 7 to BII and Request No. 9 to HDA, the Plaintiffs have not improperly withheld any information pertinent to the issues of this case.  The motion should be denied.

## II.  Argument

The Plaintiffs' objections to the Defendants requests for the subfranchise agreements should be sustained.  The document requests and responses are as follows:

> **Request No. 7 to BII and No. 9 to HDA**
>
> "A copy of all agreements between HDA and BII whereby "BII may act as a subfranchisor for the purpose of franchising certain Honey Dew Donuts® Shops in Rhode Island."
>
> **Response to No. 7 from BII and to No. 9 from HDA**
>
> "Objection. This request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence in this case.

---

[2] HDA is the franchisor of coffee and donuts shops known as Honey Dew Donuts® Shops and the owner of the trade name, proprietary marks and trade secrets utilized by such shops.  BII is a subfranchisor, licensed by HDA to franchise Honey Dew Donuts® Shops in Rhode Island.

The Plaintiffs' claims in this action are based on the terms of the Defendants' Franchise Agreement with BII, which necessarily assumes that BII is a subfranchisor of HDA by the execution of said Franchise Agreement. In fact, it specifically states on the first page of the Franchise Agreement, "WHEREAS we have a contract with HDA allowing us to franchise to you pursuant to this Franchise Agreement."

Agreements between HDA and BII whereby BII may act as a subfranchisor on behalf of HDA in Rhode Island are not likely to lead to relevant information in this case to support any claim or counterclaim in this action. Not only is the information requested completely irrelevant, the Plaintiffs consider it be confidential and proprietary business information. Furthermore, in the course of the Local Rule 7.1 conference with Defendants' counsel, he could not articulate one reason why subfranchise agreements between BII and HDA were relevant to the outcome of this case. Therefore, the Plaintiffs were justified in refusing to produce documents in response to these Requests.

WHEREFORE, for the foregoing reasons, the Plaintiffs hereby request that this Honorable Court deny the Defendants' Motion to Compel Plaintiffs to Produce Documents.

|  |  |
|---|---|
|  | HONEY DEW ASSOCIATES, INC., BOWEN INVESTMENT, INC. By their Attorneys, |
| Date: August 26, 2005 | /s/ Janell. E. De Gennaro |
|  | Jack J. Mikels, BBO# 345560  <br>Michael A. Wirtz, BBO# 636587  <br>Janell E. De Gennaro, BBO #656306  <br>JACK MIKELS & ASSOCIATES, LLP  <br>1 Batterymarch Park, Suite 309  <br>Quincy, MA  02169-7454  <br>Tel:  617.472.5600 |

F:aa-mik\BII\Lit\C97\Pldgs\Opp-CompelRPDs2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 04-10702-RWZ

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.
          Plaintiffs,

v.

C-NINE SEVEN, INC.,
VINCENZO CIUMMO AND
SHARON CIUMMO,
          Defendants.

### CERTIFICATE OF SERVICE

I, Janell E. De Gennaro, hereby certify that a true and complete photocopy of the Opposition To Defendants' Motion To Compel Plaintiffs To Produce Documents was served this day via electronic mail, upon counsel for defendants, Lawrence Mehl, Esq., John N. Lewis & Associates, 21 Merchants Row, 5th Floor, Boston, Massachusetts, 02109 and via U.S. mail, postage prepaid, upon William E. Gens, Esq., One Devonshire Place, Suite 1602, Boston, Massachusetts, 02109.

Signed under the pains and penalties of perjury this 26th day of August, 2005.

/s/ Janell E. De Gennaro
_____
Janell E. De Gennaro

F:aa-mik\BII\Lit\C97\Pldgs\Opp-CompelRPDs2