UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 04-10702-RWZ

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.
         Plaintiffs,

v.

C-NINE SEVEN, INC., VINCENZO CIUMMO
AND SHARON CIUMMO,
         Defendants.

### DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1 the Plaintiff, Bowen Investment, Inc. ("BII") submits the following statement of the material facts of record as to which the Defendants contend there is no genuine issue to be tried in this case, relating to BII's Motion for Summary Judgment as to the Defendants' Counterclaim:

1.     Plaintiff Bowen Investment, Inc. ("BII") is a corporation duly organized and existing pursuant to the laws of the Commonwealth of Massachusetts, doing business at 1215 Reservoir Ave., Cranston, Rhode Island. Stipulated Facts, Exhibit A to Joint Pre-Trial Memorandum ("Stipulation") at ¶3.

2.     BII is engaged in the business of franchising Honey Dew Donuts® Shops in Rhode Island. Second Affidavit of Robert Bowen ("Bowen Affidavit") at ¶1.

4.     Defendant C-Nine Seven, Inc. ("C-Nine Seven") is a duly organized Rhode Island corporation which did business at 355 Broad Street, Central Falls, RI (the, "Premises"). Stipulation at ¶4.

5.      On or about January 11, 1999, C-Nine Seven purchased a Honey Dew Donuts business from a franchisee of BII then operating upon the Premises and, in connection with said purchase, BII granted C-Nine Seven a franchise to operate a Honey Dew Donuts® Shop at the Premises, pursuant to a Franchise Agreement, an Agreement Regarding Transfer of Honey Dew Donut Franchise and Addendum to Franchise Agreement, and an Agreement Regarding Lease (collectively, the "Franchise Documents"). Stipulation at ¶5.

6.      Defendant Vincenzo Ciummo ("Vincenzo") is a citizen of the state of Rhode Island residing at 1060 Oaklawn Avenue, Cranston, Rhode Island. At all times relevant hereto, Vincenzo has been the principal officer and an owner of C-Nine Seven. Stipulation at ¶6.

7.      Defendant Sharon Ciummo ("Sharon") is a citizen of the state of Rhode Island residing at 1060 Oaklawn Avenue, Cranston, Rhode Island. At all times relevant hereto, Sharon has been an owner of C-Nine Seven. Stipulation at ¶7.

8.      Pursuant to the Franchise Documents, Defendants are required to operate their store in compliance with terms and conditions set forth in the Franchise Documents. Stipulation at ¶10. Among those conditions is a requirement that Defendants obtain a passing score on all evaluations performed for BII. Bowen Affidavit at ¶2.

9.      C97 did not obtain a passing grade on an evaluation performed for BII on December 18, 2003. Bowen Affidavit at ¶3.

10.     On January 5, 2004, pursuant to the Franchise Documents, a Notice of Default was forwarded by BII to C97. Stipulation at ¶11.

11. The Franchise Documents include a notice and cure period for a failed inspection and, if a passing grade is not obtained on a re-inspection, the franchise may be terminated by written notice. Bowen Affidavit at ¶2.

12. The Notice of Default forwarded January 5, 2004, related to the failed inspection of December 18, 2003. Bowen Affidavit at ¶3.

13. On February 3, 2004, C-Nine Seven's shop was re-inspected and did not receive a passing score. Bowen Affidavit at ¶¶4-5.

14. Pursuant to the Franchise Documents, on February 17, 2004, a Notice of Termination of the franchise was sent by BII to C-Nine Seven. Stipulation at ¶13.

15. BII requested a meeting with the Defendants by letters dated February 26, 2004 and March 3, 2004, with the stated purpose of arranging a Reinstatement Agreement. Bowen Affidavit at ¶6.

16. Subsequent to these events, C-Nine Seven became a co-plaintiff and BII was made a co-defendant in a previously filed putative class action claim of several Honey Dew franchisees then pending in the Federal District Court for the District of Massachusetts. BII was not notified that it *might* be added as a co-defendant to the putative class action litigation prior to March 11, 2004. Bowen Affidavit at ¶7.

17. BII was not notified that C97 might be a co-plaintiff in the class action litigation before March 30, 2004. Bowen Affidavit at ¶7.

18. In April, 2004, BII offered C97 a proposed Reinstatement Agreement. <u>Bowen Affidavit</u> at ¶8.

          Plaintiff,
          Bowen Investment, Inc.
          By its Attorneys,

          _____
          Jack J. Mikels, BBO# 345560
          Michael A. Wirtz, BBO #
          Jack Mikels & Associates
          1 Batterymarch Park, Suite 309
          Quincy, MA  02169-7454
          Tel:  617.472.5600