## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HONEY DEW ASSOCIATES, INC.  and ) <br> BOWEN INVESTMENT, INC., ) <br>      Plaintiffs, ) <br> ) <br> v.  ) <br> ) <br> C-NINE SEVEN, INC., VINCENZO CIUMMO ) <br> and SHARON CIUMMO, ) <br>      Defendants ) | CIVIL ACTION <br> No. 04-10702-RWZ |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' OPPOSITION TO PLAINTIFF BOWEN INVESTMENT, INC.'S
## MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS' COUNTERCLAIMS

### RESPONSE TO STATEMENT OF UNDISPUTED FACTS

1. Admitted.

2. Admitted

3. [sic]

4. Admitted

5. Admitted.

6. Admitted.

7. Admitted.

8. The Franchise Documents speak for themselves.  Otherwise, denied.

9. C-NineSeven, Inc. ("C-97") admits that on December 18, 2003, an inspection of its franchised premises was performed by a contractor selected by the plaintiff Honey Dew Associates, Inc. ("HDA") and that, using  primarily subjective criteria, the score recorded by him was lower than that arbitrarily specified by HDA as passing.  To the extent that this statement of purported fact implies or could be construed to mean that C-97 did not pass the inspection based on any fair, reasonable and commercially objective standard for inspection or that the inspection was properly conducted and valid, it is denied.

2

10.  C-97 admits that it received a document which is styled as a Notice of Default dated January 5, 2004.  The Franchise Documents speak for themselves as to the requirements for such a  notice.

11.  The Franchise Documents speak for themselves.

12.  The Notice of Default dated January 5, 2004, speaks for itself.

13.  C-97 admits that on February 3, 2004, a reinspection of its franchised premises was performed by a contractor selected by the HDA and that, using  primarily subjective criteria, the score recorded by him was lower than that arbitrarily specified by HDA as passing,.  To the extent that this statement of purported fact implies or could be construed to mean that C-97 Seven did not pass the inspection based on any fair, reasonable and commercially objective standard for inspection or that the inspection was properly conducted and valid, it is denied.

14.  C-97 admits that it received a document which is styled as a Notice of Termination dated February 7, 2004.  The Franchise Documents speak for themselves as to the requirements for such a  notice.

15.  C-97 admits that BII requested a meeting with its principals by letters dated February 26, 2004 and March 3, 2004.  The letters speak for themselves.  To the extent that this statement of purported fact implies or could be construed to mean that the true interest or motive of BII in sending the letters was to reinstate the franchise or that the letters were sent in good faith, it is denied.

16.  C-97 admits the chronology as to its joinder as a named plaintiff in the class action filed in the United States District Court for the District of Massachusetts against HDA. The remainder of the statement is denied.

17.  Denied.

**DEFENDANTS' SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS**

1.  The defendant Honey Dew Associates, Inc. ("HDA") is a Massachusetts corporation. Verified Complaint, ¶3.

2.  Between 1999 and 2004, the years during which C-97 had a Honey Dew Donuts® franchise, Richard J. Bowen was the sole stockholder, President, Treasurer and the sole Director of HDA.  Exhibits 1,2 3 and 4, attached hereto.

3

3. HDA's current principal place of business is 2 Taunton Street, Plainville, MA.

4. Between 1999 and 2004, the years during which C-97 had a Honey Dew Donuts® franchise, Jack J. Mikels, Esq., was corporate counsel and served as the Clerk/Secretary of HDA. Exhibits 1, 2, 3 and 4 attached hereto.

5. The defendant Bowen Investment, Inc. ("BII") is a Massachusetts corporation. Verified Complaint, ¶2.

6. Between 1999 and 2004, the years during which C-97 had a Honey Dew Donuts® franchise, Robert P. Bowen owned fifty percent (50%) of the stock and was the President, Treasurer and the one of two Directors of BII, the other being Kate Bowen, his daughter Exhibits 5, 6, 7 and 8, attached hereto. Affidavit of Robert P. Bowen, p. 9, Exhibit 9, attached hereto.

7. Richard J. Bowen owns fifty percent (50%) of the stock of BII. Deposition of Robert P. Bowen, p. 8, Exhibit 9.

8. Between 1999 and 2004, the years during which C-97 had a Honey Dew Donuts® franchise, Jack J. Mikels, Esq., was corporate counsel and the Clerk/Secretary of BII. Exhibits 5, 6, 7 and 8, attached hereto.

9. Between 1999 and 2003 the years during which C-97 had a Honey Dew Donuts® franchise, HDA's principal place of business was 35 Braintree Hill Office Park, Braintree, MA. Exhibits 1, 2, 3 and 4.

10. Between 1999 and 2003, the years during which C-97 had a Honey Dew Donuts® franchise, BII's principal place of business was at 2 Taunton Street, Plainville, MA. Exhibits 4, 5, 6 and 7.

11. The building at 2 Taunton Street, Plainville, MA  in which BII had its principal place of business and in which HDA currently has its principal place of business is owned by BRI, Inc., of which Richard J. Bowen is the sole stockholder, President, Treasurer and sole Director. Exhibit 11, attached hereto..

12. Richard J. Bowen is the brother of Robert P. Bowen.

13. BII could not enter into a Honey Dew Donuts® franchise agreement without it first being reviewed and approved by HDA. Deposition of Robert P. Bowen, p. , Exhibit 9.

14. Frank Wrightington, the inspector who performed the inspections of C-97 on December 18, 2003 and February 3, 2004, was a social friend of Richard J. Bowen, who was hired by him to be an HDA inspector. Deposition of Frank Wrightington, p. 9, attached as Exhibit 10.

4

15. The standards which Frank Wrightington used when inspecting C-97's store were revised in 2003 by Andy Gallagher, an HDA executive. Wrightington Deposition, pp. 21-22, Exhibit 10.

16. Up until August 21, 2003, C-97's store had never failed an inspection. Wrightington Deposition, p. 27.

17. After HDA's changed is standards for inspection, C-97 failed four inspections in a row conducted by Frank Wrightington between August 21, 2003 and March 18, 2004. Wrightington Deposition, p. 47-48, Exhibit 10.

**ARGUMENT**

I.     **M.G. L c. 93A, § 11 Applies To The Conduct Of Honey Dew Associates, Inc. And Bowen Investment, Inc., In Terminating C-97 Seven, Inc.'s Franchise and Putting It Out of Business.**

Although Bowen Investment, Inc. ("BII") argues that this is entirely a Rhode Island

transaction and recites certain collateral facts for support of its position, the material facts prove

that it falls within §11 of the Massachusetts Consumer Protection Act, G.L. c. 93A:

> No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the Commonwealth. For the purposes of this paragraph, the burden of proof shall be upon the person claiming that such transactions and actions did not occur primarily and substantially within the Commonwealth.

In Kuwati Danish Computer Co. v. Digital Equip. Co., 438 Mass. 459, 473-475 (2003), the

Massachusetts Supreme Judicial Court stated:

> The United States Court of Appeals for the First Circuit has adopted a three-prong balancing test that looks to (1) where the defendant commits the unfair or deceptive act or practice; (2) where the plaintiff receives or acts on the wrongful conduct; and (3) where the plaintiff sustained losses caused by the wrongful conduct. See Play Time, Inc. v. LDDS Metromedia Communications, Inc., 123 F.3d 23, 33 (1st Cir.1997) ; Roche v. Royal Bank, 109 F.3d 820, 829, 831 (1st Cir.1997) ("the pragmatic, functional analysis is not necessarily limited to the three factors"); Clinton Hosp. Ass'n v. Corson Group, Inc., 907 F.2d 1260, 1265-1266 (1st Cir.1990); . The Appeals Court, like the Federal courts, places

5

little weight on the "place of injury" factor, and rejects it as the determinative factor. See <u>Goldstein Oil Co. v. C.K. Smith Co.</u>, *supra* at 249 n. 7, 479 N.E.2d 728; <u>Clinton Hosp. Ass'n v. Corson Group, Inc.</u>, *supra* at 1266. The situs of loss may, nevertheless, be considered in the determination. See <u>Bushkin Assocs., Inc. v. Raytheon Co.</u>, *supra* at 638, 473 N.E.2d 662 ("Any loss was incurred in New York").

The Appeals Court has considered the "place of conduct" to be the determinative factor in at least one case, <u>Goldstein Oil Co. v. C.K. Smith Co.</u>, *supra* at 250 & n. 8, 479 N.E.2d 728, whereas the Federal courts generally consider the "place of conduct" factor to be "the least weighty" of the three factors. <u>Roche v. Royal Bank</u>, *supra* at 829.

In addition, it may, or may not, be appropriate to decide cases involving wrongful conduct in multiple jurisdictions based on which jurisdiction was the source of the most instances of misconduct. On the one hand, a single instance of misconduct in one jurisdiction may have greater significance for a case as a whole than a multiplicity of instances of misconduct in another jurisdiction. On the other hand, the sheer number of instances of misconduct in one jurisdiction may produce the heft needed to resolve the question. The same observations may be made about the nature and number of instances of misconduct received, and misconduct acted on. [FN14] As Justice Kaplan noted, "The attempts, however, to single out particular factors that might control the functional inquiry and then to place these factors in some order of importance, are necessarily not fully satisfactory." <u>Sonesta Int'l Hotels Corp. v. Central Fla. Invs., Inc.</u>, *supra* at 160, 712 N.E.2d 607.

> FN14. The decisions of the Federal courts suggest that each factor is determined by the number of incidents of wrongful conduct committed and received in a jurisdiction, with no consideration given to the weight or significance of a particular incident in the context of the case. See, e.g., <u>Roche v. Royal Bank</u>, *supra* at 830 ("bulk" of wrongful acts; "slightly more" misrepresentations received in Canada); <u>Computer Sys. Eng'g, Inc. v. Qantel Corp.</u>, 571 F.Supp. 1365, 1372 (D.Mass.1983), aff'd, 740 F.2d 59 (1st Cir.1984) ("more of the relevant transactions and actions occurred within Massachusetts"); <u>Evans v. Yegen Assocs., Inc.</u>, 556 F.Supp. 1219, 1228 (D.Mass.1982) (same). There is some suggestion that the Appeals Court, like the Federal courts, views incidents of wrongful conduct and the reception of wrongful conduct on a quantitative, rather than a case-impact, basis. See <u>Makino, U.S.A., Inc. v. Metlife Capital Credit Corp.</u>, *supra* at 310-311, 518 N.E.2d 519.

6

> We conclude that the analysis required under § 11 should not be based on a test
> identified by any particular factor or factors because of a tendency to shift the
> focus of inquiry away from the purpose and scope of c. 93A. Section 11 suggests
> an approach in which a judge should, after making findings of fact, and after
> considering those findings in the context of the entire § 11 claim, determine
> whether the center of gravity of the circumstances that give rise to the claim is
> primarily and substantially within the Commonwealth.

It is clear from the record that BII is a creation of Richard J. Bowen "(Dick Bowen"), the sole

stockholder and President of Honey Dew Associates, Inc. ("HDA"), to give his brother a job.

Not only does Richard J Bowen own all of HDA and 50% of BII, but it is clear from Robert P.

Bowen's ("Bob Bowen") deposition that he has no real involvement in or understanding of the

business.  By the defendants' attorneys' count, at his deposition Bob Bowen responded either "I

don't know" or "I don't recall" an incredible 196 times to the most basic questions about the

operation and activities of BII.  A copy of the Deposition is attached as Exhibit 10.  Moreover, it

is undisputed that HDA and BII have the same general counsel, Jack J. Mikels, Esq; that, up until

it moved to Rhode Island in 2004, BII shared office space with HDA at 2 Taunton Street in

Plainville, MA; that BRI, Inc., a Massachusetts corporation, owns the 2 Taunton Street building,

the acronym standing for [Richard J.] Bowen Realty Investment, Dick Bowen being BRI's sole

stockholder and President (Exhibit 11); that Frank Wrightington, the inspector employed by BII,

was a social friend of Dick. Bowen's, who gave him his job and trained him (Exhibit 10,

Deposition of Frank Wrightington, p. 9-15); that Frank Wrightington worked exclusively for

HDA before working for BII (Wrightington Depostiion, p. 16); that the standards Frank

Wrightington used to fail C-97 were created by HDA in 2003 (Wrightington Deposition, pp. 22-

23; that both the Notice of Default, and the Notice of Termination (Exhibit D and E, respectively,

to the Verified Complaint) were sent to C-97 by Jack J. Mikels, corporate counsel for both HDA

and BII and the Clerk/Secretary of BII and HDA (Exhibits 1 through 8), and that the

Reinstatement Agreement was drafted by him as well.   Finally, the Franchise Agreement, also

drafted by Attorney Mikels in the standard form used by HDA for its franchises, specifies that

jurisdiction over the parties shall be in Massachusetts and that Massachusetts law shall be

applied. (Exhibit B to the Verified Complaint).  Taken together, the factors place the center of

gravity of the defendants' counterclaim substantially and primarily in Massachusetts.

**II.    Bowen Investment, Inc. Has Mischaracterized C-97 Seven's Counterclaim As Predicated On The Theory That The Default Was In Retaliation For BII's Joinder In The Federal Class Action Lawsuit Against HDA.**

According to BII:

> The gist of Defendants' claim is that BII breached its contracts with the
> Defendants (Count I), breached the implied covenants of good faith and fair
> dealing arising out of those contracts (Count II) and acted unfairly and deceptively
> in violation of Mass. G.L. c. 93A (a portion of Count III) by "terminating the
> franchise in bad faith in retaliation for the defendants participation in a federal
> class action claim against them.

BII then sets out to disprove the claim by a self-serving and misleading argument based on the

chronology of the federal class action lawsuit and what was in the mind of Bob Bowen.  See

Affidavit of Robert P. Bowen, filed with BII's Motion for Summary Judgment.

First and foremost, as a matter of law, neither breach of contract, breach of the covenants

of good faith and fair dealing, nor G.L. c. 93A requires proof of the adverse parties *motive* for

their conduct.  It is the defendants' contention that in 2003 – four years after the franchise was

purchased, during which time C-97 passed every inspection (Deposition of Frank Wrightington,

p. 27) – HDA created and implemented a new set of primarily subjective standards which it self-

servingly enforced selectively to put C-97 out of business.  Notably, none of the standards deal

with health or sanitation issues.  To the contrary, C-97 was never cited for any such violation.

8

Supplemental Affidavit of Vincent Ciummo, filed herewith. Instead, the supposedly failing

scores were based on a variety of trivial subjective cosmetic and convenience issues.[1] See Honey

Dew Donuts [sic] Customer Satisfaction Standards Evaluation, attached as Exhibit 12.

Second, the chronology offered by BII ignores its intimate relationship with HDA,

including sharing office space and having the same corporate counsel. Dick Bowen and Attorney

Mikels knew of the federal class action law suit in May of 2003. That they chose not to share

this information with Bob Bowen simply demonstrates their recognition of the superficial role he

and BII played in the Honey Dew Donuts® organization. Although BII argues that it could not

possibly have know about C-97's joining the class action litigation until it actually did so in

March of 2004, see Plaintiff's Motion to Extend Time to File The Amended Complaint etc.,

Exhibit B to BII's Motion for Summary Judgment, whether that is true or whether its termination

of C-97 was a preemptive effort to foreclose their joinder, see discussion of "Reinstatement

Agreement, *infra*, is a question of fact to be tried.

III.    **The Reinstatement Agreement Is Not An "Offer Of Settlement" And Is Admissible
        To Show Bowen Investment, Inc.'s Unfair and Deceptive Actions In Trying To Put
        C-97 Seven, Inc. Out of Business.**

BII's final argument is that C-97's c. 93A claim cannot be predicated on the

"Reinstatement Agreement," Exhibit C to BII's Motion for Summary Judgment, first, because it

is an offer of settlement. Reading the document, it is clear that this is a contract drafted by

Attorney Mikels, corporate counsel for both HDA and BII. While there is no particular form or

magic words necessary to create a settlement agreement, one expects that an experienced attorney

---

[1]E.g, four points were deducted for "overstocking, straw dispenser taped;" and five points were
deducted, because there was "clutter" in the restrooms.

9

would at a minimum include the word 'settlement' somewhere in the document, most likely in a traditional heading, such as "Settlement Agreement and Release of Claims," but at least in the text. Moreover, BII contradicts its own argument by claiming that it had no obligation to reinstate C-97, because it had already been terminated:

> Defendants had already been terminated. The were already potentially liable for post-termination damages [citation and footnote omitted] and were required to shut down their business.

If there was no dispute, then there was nothing to settle. Rather, the "Reinstatement Agreement" is just what is represents itself to be, an agreement that would allow C-97 to continue to operate as a Honey Dew Donuts® shop on the terms and conditions specified by BII..

Second, BII argues the inherent fairness of its agreeing to place C-97 on probation, as a matter of law, since it had no obligation to do so, and the benign requirement that C-97 pass two inspections by the same inspector who had failed it four times in a row previously. As to the probation, there should have been none, if the inspections were performed fairly in the first place. As to the terms of the reinstatement, not only did C-97 have to confess judgment:

> WHEREAS, C97 is in default of his [sic] obligations to BII for failing to pass various store inspections, which has resulted in BII's forwarding through counsel a Notice of Default on January 5, 2004;
>
> WHEREAS, C97 failed to cure the default specified in said Notice within the time period provided in said Notice and in the Franchise Agreement;
>
> WHEREAS, on February 17, 2004, BII, though counsel, served C97 with a Termination Notice due to is failure to cure its default;

but it had to give HDA, BII and their principals a general release of all claims it might have against them – including the federal class action litigation. In addition, BII insisted that C-97 literally bet the store on whether it could satisfy Mr. Wrightington:

10

Should C97 default in any of the provisions hereof, then it shall relinquish the business to BII (a "Relinquishment"). At the time of any Relinquishment hereunder, C97 shall remain liable to BII for any amounts owed through Relinquishment. The Relinquishment shall be deemed full satisfaction of any and all post-termination monetary obligations of C97 to BII. After Relinquishment, the Covenants shall remain in full force and effect as if the franchise expired as of the date of Relinquishment. **As utilized herein, a "Relinquishment" shall mean that C97 shall give the keys to the premisses to BII and place BII in possession of the premises, and give BII possession and title to all equipment and inventory therein;** [emphasis added].

That, argues BII, was more than it was obligated to do and therefore, by so imposing on C-97 an

onerous duty to mitigate BII's prior unconscionable actions, BII is entitled to summary judgment.

## CONCLUSION

For the going reasons, the defendants oppose BII's motion for summary judgment and

pray that said motion be denied.

Respectfully submitted,

The Defendants
By their attorneys,

John N. Lewis
BBO# 298520
Lawrence Mehl, of Counsel
BBO# 566235
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02019
(617) 523-0777

**CERTIFICATE OF SERVICE**
I hereby certify that on this date I served a copy of
the foregoing by first class mail, postage prepaid, on
all counsel of record and parties pro se.
Date: _1/09/06_          _John N. Lewis_
                          John N. Lewis

# EXHIBIT 1

89-000012

**The Commonwealth of Massachusetts**
**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640
NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

**FEE: $85.00**

# MASSACHUSETTS CORPORATION ANNUAL REPORT

020002991

Federal Identification No. __04-2572026__

1. The *exact* name of the corporation is: **HONEY DEW ASSOCIATES, INC**

2. Location of its principal office in Massachusetts: __35 BRAINTREE HILL OFFICE PARK__
(number and street)

__BRAINTREE,__                          __MA__                          __02184__
(city or town)                          (state)                          (zip)

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:

_____
(number & street)          (city or town)          (state)          (zip)

3. Name and address of the Resident Agent, if any: _____
(name)

_____
(number & street)          (city or town)          (state)          (zip)

4. Date of the end of the last fiscal year was: __SEPTEMBER__   __30__   __2001__
(month)          (day)          (year)

5. Check here if the corporation stock is publicly traded: [ ] .

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | NONE | 12,500.00 | NONE | 1,000.0 |
| PREFERRED: | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT | RICHARD J. BOWEN | 40 DEERFIELD LN, HANOVER, MA 02339 | UNTIL |
| TREASURER | RICHARD J. BOWEN | SAME AS ABOVE | SUCCESSORS |
| CLERK | JACK J. MIKELS | 1 BATTERMARCH PARK, STE 309 QUINCY | ARE |
| DIRECTORS | RICHARD J. BOWEN | SAME AS ABOVE | ELECTED |
| | | | AND |
| | | | DULY |
| | | | QUALIFY |

I, the undersigned **RICHARD J. BOWEN** _____, being the **PRESIDENT** _____ of t above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is tr and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on th

_____ 15 _____ day of __DECEMBER__ _____, 2001

Signature: _____          Title: **PRESIDENT**

Contact Person: _____          Contact Person Telephone #: 611 542.2122

0D2446 4 000

3

156bmcar 4/

RT

## EXHIBIT 2

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

# MASSACHUSETTS CORPORATION ANNUAL REPORT

Federal Identification No. __04-2572026__

020143158

1. The *exact* name of the corporation is: __HONEY DEW ASSOCIATES, INC__

2. Location of its principal office in Massachusetts: __35 BRAINTREE HILL OFFICE PARK__
(number and street)

__BRAINTREE,__               __MA__                __02184__
(city or town)                 (state)               (zip)

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:

_____ _____ _____ _____
(number & street)          (city or town)              (state)                   (zip)

3. Name and address of the Resident Agent, if any: _____
(name)

_____ _____ _____ _____
(number & street)          (city or town)              (state)                   (zip)

4. Date of the end of the last fiscal year was: __SEPTEMBER__          __30__       __2002__
(month)                   (day)       (year)

5. Check here if the corporation stock is publicly traded: [ ] .

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | NONE | 12,500.00 | NONE | 1,000.00 |
| PREFERRED: | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT | RICHARD J. BOWEN | 40 DEERFIELD LN, HANOVER, MA 02339 | UNTIL |
| TREASURER | RICHARD J. BOWEN | SAME AS ABOVE | SUCCESSORS |
| CLERK | JACK J. MIKELS | 1 BATTERMARCH PARK, STE 309 QUINCY | ARE |
| DIRECTORS | RICHARD J. BOWEN | SAME AS ABOVE | ELECTED |
| | | — | AND |
| | | — | DULY |
| | | | QUALIFY |

I, the undersigned __RICHARD J. BOWEN__ , being the __PRESIDENT__ of the above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this __15__ day of __December__, __2002__

Signature: _Richard J. Bowen_   Title: __PRESIDENT__

Contact Person: _____   Contact Person Telephone #: _____

# EXHIBIT 3

89-000012

**The Commonwealth of Massachusetts**
**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

**FEE: $125.00**

NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

# MASSACHUSETTS CORPORATION ANNUAL REPORT

Federal Identification No. __042572026__

040002410

1. The *exact* name of the corporation is: **HONEY DEW ASSOCIATES, INC**

2. Location of its principal office in Massachusetts: __35 BRAINTREE HILL OFFICE PARK__
(number and street)

__BRAINTREE,__    __MA__    __02184__
(city or town)    (state)    (zip)

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:

_____  _____  _____  _____
(number & street)    (city or town)    (state)    (zip)

3. Name and address of the Resident Agent, if any: _____
(name)

_____  _____  _____  _____
(number & street)    (city or town)    (state)    (zip)

4. Date of the end of the last fiscal year was: __SEPTEMBER__    __30__    __2003__
(month)    (day)    (year)

5. Check here if the corporation stock is publicly traded: [ ] .

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | NONE | 12,500.00 | NONE | 1,000.00 |
| PREFERRED: | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT | RICHARD J BOWEN | 40 DEERFIELD LN, HANOVER, MA 02339 | * SEE BELOW |
| TREASURER | RICHARD J BOWEN | SAME AS ABOVE | |
| CLERK | JACK J MIKELS | 1 BATTERMARCH PARK, STE 309 QUINCY | |
| DIRECTORS | RICHARD J BOWEN | SAME AS ABOVE | |
| | * UNTIL SUCCESSORS ARE | ELECTED AND DULY QUALIFIED | |

I, the undersigned__RICHARD J. BOWEN__, being the **PRESIDENT** _____ of the above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this __11th__ day of __December__ , __2003__

Signature: _____

Title: __PRESIDENT__

Contact Person: _____  SAME
2D2446 2.000

Contact Person Telephone #: __78/849 3000__

156mlcar 4/5/02
**4**

EXHIBIT 4

**·D F.**

ϯ

05000005146

**The Commonwealth of Massachusetts**
**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

Filing Fee: $125.00
Late Fee: $25.00

05000005146

**Annual Report for Domestic
and Foreign Corporations**
(General Laws Chapter 156D Section 16.22; 950 CMR 133.56)

/04257202b

(1)   The exact name of the corporation is ___HONEY DEW ASSOCIATES, INC___.
(2)   The corporation is organized under the laws of ___MASSACHUSETTS___.

(3)   The street address of the corporation's registered office in the commonwealth is:
      ___TWO TAUNTON STREET, PLAINVILLE, MA  02762___.
      *(number, street, city or town, state, zip code)*
(4)   The name of the registered agent at the registered office is _____.
(5)   The street address of the corporation's principal office is:
      ___TWO TAUNTON STREET, PLAINVILLE, MA  02762___.
      *(number, street, city or town, state, zip code)*

(6)   Provide the name and business addresses of the corporation's board of directors and its president, treasurer and secretary, and
      **if different,** its chief executive officer and chief financial officer.

| | NAME | ADDRESS |
|---|---|---|
| President: | RICHARD J. BOWEN | 40 DEERFIELD LN, HANOVER, MA 02339 |
| Treasurer: | RICHARD J BOWEN | SAME AS ABOVE |
| Secretary: | JACK J. MIKELS | 1 BATTERYMARCH PK, STE 309, QUINCY |
| Chief Executive Officer: | RICHARD J. BOWEN | SAME AS ABOVE |
| Chief Financial Officer: | RICHARD J. BOWEN | SAME AS ABOVE |
| Directors: | RICHARD J. BOWEN | SAME AS ABOVE |

(7)   Briefly describe the business of the corporation:
      COFFEE AND DONUTS SHOPS

(8-9)   The capital stock of each class and series

| CLASS OF STOCK | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS Number of Shares Total Par Value | | TOTAL ISSUED AND OUTSTANDING Number of Shares |
|---|---|---|---|
| COMMON | 12,500. | NONE | 1,000. |
| PREFERRED | | | |

(10)   Check if the stock of the corporation is publicly traded. ☐
(11)   Date of the fiscal year end is ___SEPTEMBER   30   2004___
       *(month, day, year)*

Signed by ✓ _____  (signature of authorized individual)
       RICHARD J. BOWEN
*(Please check appropriate box)*

[X] Chairman of the Board of Directors   ☐ Incorporator   ☐ Other Officer   ☐ Court Appointed Fiduciary

on this✓ __11th__ day of✓ __JANUARY__ of✓ __2005__

3D2486 1.000

156d1622 9/23/04

04-2572026          2

# EXHIBIT 5

B9-000012

**The Commonwealth of Massachusetts**                          **FEE: $85.00**
**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640
NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

## MASSACHUSETTS CORPORATION ANNUAL REPORT       020009387

Federal Identification No. __04-2893630__

1. The *exact* name of the corporation is: **BOWEN INVESTMENT INC.**

2. Location of its principal office in Massachusetts: __2 TAUNTON STREET__
(number and street)

__PLAINVILLE,__                __MA__                          __02762__
(city or town)                  (state)                          (zip)

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:

_____
(number & street)        (city or town)              (state)              (zip)

3. Name and address of the Resident Agent, if any: _____
                                                              (name)

_____
(number & street)        (city or town)              (state)              (zip)

4. Date of the end of the last fiscal year was: __OCTOBER__        __31__        __2001__
                                              (month)              (day)        (year)

5. Check here if the corporation stock is publicly traded: [  ] .

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | NONE | 15,000.00 | NONE | 500.0 |
| PREFERRED: | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT | ROBERT BOWEN | 2 TAUNTON STREET, PLAINVILLE, MA | UNTIL |
| TREASURER | ROBERT BOWEN | SAME AS ABOVE | SUCCESSORS |
| CLERK | JACK J. MIKELS | 1 BATTERYMARCH PARK QUINCY MASS | ARE |
| DIRECTORS | ROBERT BOWEN | SAME AS ABOVE | ELECTED |
| | KATE BOWEN | 2 TAUNTON STREET, PLAINVILLE, MA | AND DULY |
| | | | QUALIFY |

I, the undersigned **ROBERT BOWEN** _____, being the **PRESIDENT** _____ of t
above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is tr
and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on th
_____ 15 _____ day of ✓ __JANUARY__ _____, ___

Signature: ✓ _____    Title: __PRESIDENT__

Contact Person: __Marc Cohen__   Contact Person Telephone #: __(617) 542-2122__
0D2448 4.000                                                        54

RT

# EXHIBIT 6

89-000012

**The Commonwealth of Massachusetts**
**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

<u>FEE: $85.00</u>

NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

## MASSACHUSETTS CORPORATION ANNUAL REPORT      030002708

Federal Identification No. __04-2893630__

1. The *exact* name of the corporation is: __BOWEN INVESTMENT INC.__

2. Location of its principal office in Massachusetts: ___2 TAUNTON STREET___
(number and street)

__PLAINVILLE,__                    __MA__                    __02762__
(city or town)                    (state)                    (zip)

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:

_____
(number & street)          (city or town)          (state)          (zip)

3. Name and address of the Resident Agent, if any: _____
(name)

_____
(number & street)          (city or town)          (state)          (zip)

4. Date of the end of the last fiscal year was: __OCTOBER__     __31__     __2002__
(month)          (day)          (year)

5. Check here if the corporation stock is publicly traded: [ ] .

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | NONE | 15,000.00 | NONE | 500.00 |
| PREFERRED: | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT | ROBERT BOWEN | 2 TAUNTON STREET PLAINVILLE MA | UNTIL |
| TREASURER | ROBERT BOWEN | "                          " | SUCCESSORS |
| CLERK | JACK MIKELS | 1 BATTERYMARCH PARK QUINCY MA | ARE |
| DIRECTORS | ROBERT BOWEN | SAME AS ABOVE | Elected |
| | KATE BOWEN | 2 TAUNTON STREET PLAINVILLE MA | & Duly Qualified |

I, the undersigned __ROBERT BOWEN__, being the __PRESIDENT__ of the above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this

_____ day of _____.  _____

Signature: _____          Title: __PRESIDENT__

Contact Person: _____          Contact Person Telephone #: _____
1D2446 1 000                                                                    56bmcar 4/5/00

## EXHIBIT 7

89-000012

**The Commonwealth of Massachusetts**
**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640
NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

**FEE: $125.00**

# MASSACHUSETTS CORPORATION ANNUAL REPORT

040005572

Federal Identification No. __04-2893630__

1 The *exact* name of the corporation is: BOWEN INVESTMENT INC.

2. Location of its principal office in Massachusetts: __2 TAUNTON STREET__
(number and street)

__PLAINVILLE,__ __MA__ __02762__
(city or town)  (state)  (zip)

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:

_____
(number & street)  (city or town)  (state)  (zip)

3. Name and address of the Resident Agent, if any: _____
(name)

_____
(number & street)  (city or town)  (state)  (zip)

4. Date of the end of the last fiscal year was: __OCTOBER__  __31__  __2003__
(month)  (day)  (year)

5. Check here if the corporation stock is publicly traded: [ ] .

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | NONE | 15,000.00 | NONE | 500.00 |
| PREFERRED | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT | ROBERT BOWEN | 2 TAUNTON STREET PLAINVILLE, MA | * SEE BELOW |
| TREASURER | ROBERT BOWEN | SAME AS ABOVE | |
| CLERK | JACK MIKELS | 1 BATTERYMARCH PARK  QUINCY, MA | |
| DIRECTORS | ROBERT BOWEN | SAME AS ABOVE | |
| | KATE BOWEN | 2 TAUNTON STREET PLAINVILLE, MA | |
| | * | | |
| | UNTIL SUCCESSORS ARE | ELECTED & DULY QUALIFIED | |

I, the undersigned ROBERT BOWEN _____ , being the PRESIDENT _____ of the above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this ___15__ day of __JANUARY__ , __2004__

Signature: _____

Title: __PRESIDENT__

Contact Person: __MARC A COHN__

Contact Person Telephone #: __(617) 542-2122__

202446 2.000

49

# EXHIBIT 8

**D F**

Filing Fee: $125.00
Late Fee: $25.00

## The Commonwealth of Massachusetts
### William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512  *050004420*

## Annual Report for Domestic
## and Foreign Corporations
### (General Laws Chapter 156D Section 16.22; 950 CMR 133.56)

(1)  The exact name of the corporation is   BOWEN INVESTMENT INC.   /0428893630

(2)  The corporation is organized under the laws of   MASSACHUSETTS

(3)  The street address of the corporation's registered office in the commonwealth is:
    1215 RESERVOIR AVENUE, CRANSTON, RI   02920
    *(number, street, city or town, state, zip code)*

(4)  The name of the registered agent at the registered office is   JACK J. MIKELS

(5)  The street address of the corporation's principal office is:
    1215 RESERVOIR AVENUE, CRANSTON, RI   02920
    *(number, street, city or town, state, zip code)*

(6)  Provide the name and business addresses of the corporation's board of directors and its president, treasurer and secretary, and **if different**, its chief executive officer and chief financial officer.

| | NAME | ADDRESS |
|---|---|---|
| President: | ROBERT BOWEN | 1215 RESERVOIR AVE., CRANSTON RI |
| Treasurer: | ROBERT BOWEN | SAME AS ABOVE |
| Secretary: | JACK J. MIKELS | 1 BATERYMARCH PARK, QUINCY, MA |
| Chief Executive Officer: | ROBERT BOWEN | SAME AS ABOVE |
| Chief Financial Officer: | ROBERT BOWEN | SAME AS ABOVE |
| Directors: | ROBERT BOWEN | SAME AS ABOVE |
| | KATE BOWEN | SAME AS ABOVE |

(7)  Briefly describe the business of the corporation:
    FRANCHISING BUSINESS

(8-9)  The capital stock of each class and series

| CLASS OF STOCK | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS Number of Shares Total Par Value | | TOTAL ISSUED AND OUTSTANDING Number of Shares |
|---|---|---|---|
| COMMON | 15,000. | NONE | 500. |
| PREFERRED | | | |

(10)  Check if the stock of the corporation is publicly traded. ☐

(11)  Date of the fiscal year end is   OCTOBER   31   2004
                                      *(month, day, year)*

Signed by ✓ _____
        ROBERT BOWEN                    *(signature of authorized individual)*
*(Please check appropriate box)*

[X] Chairman of the Board of Directors   ☐ Incorporator   ☐ Other Officer   ☐ Court Appointed Fiduciary

on this ✓ _____ day of ✓ 15 _____ of ✓ 05 _____
                                                          156d1622 9/23/04

3D2486 1.000
CO

04-2893630                          2