UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 04-10702-RWZ

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.
            Plaintiffs,

v.

C-NINE SEVEN, INC., VINCENZO CIUMMO AND
SHARON CIUMMO,
            Defendants.

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, Defendants concede the validity of the Motion. It is begrudgingly admitted that the counterclaims, predicated on a contention that the termination of Defendants' franchise was in retaliation for their joining a putative class case cannot be sustained, because they did not join that case until after termination. Defendants have now changed their argument to request that this court allow the counterclaims to proceed on a new theory that the termination was a "preemptive effort" to foreclose Defendants joinder into the putative class action. Defendants' Opposition, at p. 8. Not only is this claim not pled, not included in discovery responses, and not included in the Defendants' Summary of the Evidence in the Joint Pre-Trial Memorandum, it makes no sense. No franchisor would ever be able to terminate a franchise, lest it be sued for a "preemptive effort" to avoid a possible future claim by the franchisee.

Defendants continuing diatribe regarding the Reinstatement Agreement offered by the Plaintiffs is similarly devoid of merit. It was clear to Plaintiffs and has been made clear to

the Court that the Defendants did not like the Reinstatement Agreement. They were not required to sign it and they did not sign it. There is no damage arising out of the rejected offer of reinstatement. Thus, no claim under Mass. G.L. c. 93A could exist. See, Plaintiff's Memorandum in Support of its Motion for Summary Judgment as to Defendants' Counterclaims, at p. 12.

It is undisputed that the Defendants were required by the Franchise Agreement to pass Bowen Investment Inc.'s ("BII") inspections.

> You will maintain passing grades on our inspections in accordance with our then-applicable store inspection policies, as modified from time to time.

Franchise Agreement, Exhibit B to Verified Complaint, previously filed, §VII(E).

It is undisputed that Defendants failed four consecutive inspections. Defendants' Supplemental Statement of Undisputed Facts, #17. It is undisputed that BII followed the termination procedure in the Franchise Agreement- a Notice of Default for a failed inspection, an opportunity to cure, a re-inspection and termination for a failed re-inspection. Franchise Agreement, Exhibit B to Verified Complaint, previously filed, §XX(A)(4) and Verified Complaint at ¶17.

Defendants do not contend that they were scored incorrectly, but that the standards on which they failed were "a variety of trivial subjective cosmetic and convenience issues." Defendants' Memorandum at p. 8. This position is directly counter to the Franchise Agreement, which provides that no detail is trivial and that each is controlled by BII:

> D. You understand and acknowledge that each and every detail of the operation of a Honey Dew Donuts™ Shop is important to us, to you and to other licensed franchisees in order to develop and maintain uniformity of services and products and, therefore, to enhance the reputation, trade demand and goodwill of Honey Dew Donuts™, you accordingly covenant: . . .

> 3. To strictly adhere to the provisions of HDA's Operational Excellence Procedure Manual, in effect from time to time, such Operational Standards from time to time established by us or HDA and provided to you in writing, this Agreement and any other documents, which we may provide to you from time to time.

Franchise Agreement, Exhibit B to Verified Complaint, previously filed, §VI(D).

> You agree to operate your store in strict compliance with our Operational Excellence Procedure Manual, our Operational Standards, this Agreement and such other documents as we may provide you from time to time. It is expressly acknowledged by you that our Operational Excellence Procedure Manual, Operational Standards and other documentation we may provide to you are required to promote quality control and uniformity within the chain and may, without limitation, provide mandatory guidelines as to all aspects of store operations . . .You are required to strictly adhere to our high standards of cleanliness, quality, appearance, operations and service . . .

Franchise Agreement, Exhibit B to Verified Complaint, previously filed, §VII(A).

The Defendants' argument, that the items for which they received a flunking grade were not important, demonstrates the reason they flunked four consecutive inspections and were terminated. The counterclaim does not survive summary judgment.

|  |  |
|---|---|
| Date: January 23, 2006 | The Plaintiffs,<br>By their Attorneys,<br><br>/s/ Michael A. Wirtz<br>_____<br>Jack J. Mikels, BBO# 345560<br>Michael A. Wirtz, BBO# 636587<br>JACK MIKELS & ASSOCIATES, LLP<br>1 Batterymarch Park, Suite 309<br>Quincy, MA  02169-7454<br>Tel:  617.472.5600 |

Ciummo;Pleadings; Summ Jud Reply

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 04-10702-RWZ

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.
           Plaintiffs,

v.

C-NINE SEVEN, INC., VINCENZO
CIUMMO AND SHARON CIUMMO,
           Defendants.

## CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that a true and complete photocopy of the Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment were served this day via first class mail, postage prepaid, upon counsel for defendants, William E. Gens, Esq., One Devonshire Place, Suite 1602, Boston, Massachusetts, 02109 and by electronic means available under CM/ECF to John N. Lewis, Esq. and Lawrence Mehl, Esq., John N. Lewis & Associates, 21 Merchants Row, 5th Floor, Boston, Massachusetts, 02109 and.

Signed under the pains and penalties of perjury this 23rd day of January, 2006.

/s/ Michael A. Wirtz
_____
Michael A. Wirtz